# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-436V
**Filed: August 24, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| ROSE COMBS, as personal representative of the Estate of TOMMY COMBS, | * * * | UNPUBLISHED |
| Petitioner, | * * | Special Master Gowen |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * | Attorneys' Fees and Costs. |
| Respondent. | * * | |
| * * * * * * * * * * * * * * | | |

<u>Glynn W. Gilcrease, Jr.</u>, Law Office of Glynn W. Gilcrease, Jr., PC, Tempe, AZ, for petitioner.
<u>Amy P. Kokot</u>, United States Department of Justice, Washington, DC, for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On July 5, 2012, decedent, Tommy Combs, filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Mr. Combs alleged that as a result of receiving a Tetanus-Diphtheria-acellular-Pertussis vaccine on August 5, 2009, he suffered necrotizing pancreatitis. On October 24, 2014, Rose Combs ("petitioner") was substituted in this matter as a representative of the Estate of Tommy Combs upon the death of Mr. Combs on May 30, 2014. Petitioner alleged that Mr. Comb's death was sequela of his alleged

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

vaccine-injury. Thereafter, the parties filed a stipulation in which they agreed on an award of compensation to petitioner. On December 3, 2015, the undersigned issued a decision adopting the parties' stipulation for an award. See Decision on J. Stip., filed Dec. 3, 2015.

On July 27, 2016, petitioner filed an unopposed motion for attorneys' fees and costs. Petitioner's counsel requested a total of $9,830.00 in attorneys' fees for 33.1 hours of paralegal and attorney time spent on this case. See Petitioner's Exhibit ("Pet. Ex.") 34 at 1, filed July 27, 2016. Petitioner's counsel billed at a rate of $400.00 an hour, based on forty-two years of legal experience. See Pet. Ex. 31 at 7, filed July 15, 2016. Petitioner also requested $10,125.00 in attorneys' costs for an expert review of this case by Dr. Suraj A. Muley. See Pet. Ex. 35, filed July 27, 2016. Additionally, petitioner requested $20.96 in attorneys' costs for postage and mail delivery. See Pet. Ex. 33, filed July 15, 2016. Respondent does not oppose the total amount requested by petitioner. See Petitioner's Application for Attorneys' fees and Costs at 1, filed July 27, 2016. Pursuant to General Order No. 9, petitioner represents that she did not incur any out-of-pocket expenses related to this litigation. Gen. Order No. 9 Statement, filed Aug. 24, 2016,

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs, pursuant to 42 U.S.C. § 300 aa-15(e).

An award should be made as follows:

(1) **in the form of a check jointly payable to petitioner and to petitioner's attorney, Glynn W. Gilcrease, Jr., of the Law Office of Glynn W. Gilcrease, Jr., PC, in the amount of $19,975.96.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

                                                                **s/ Thomas L. Gowen**
                                                                 Thomas L. Gowen
                                                                 Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.